[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the City of Danbury against the defendant Sullivan, a Deputy Sheriff for Fairfield County, in which the city seeks money damages for the claimed failure of the Deputy to timely turn over to it certain monies received on tax warrants which had been given by the plaintiff city to the Deputy CT Page 9561 for service and levy on the assets of delinquent taxpayers. The sheriff has counter claimed for overpayments made by him and for fees.
Section 6-35 of the General Statutes provides as follows:
 Any sheriff or deputy sheriff who fails to pay over to the person authorized to receive it, any money collected by him on behalf or for the account of such person, within fifteen calendar days from the date of collection of the money, shall be liable to such person for the payment of interest on the money at the rate of five percent per month from the date on which such sheriff or deputy sheriff received the money.
The plaintiff first offered credible evidence that about April 23, 1988 it turned over a tax collector's warrant to Deputy Sheriff Sullivan for service in the amount of $4,626.17 on Nicholas Falzone. The court finds that the sheriff, based upon the warrant on May 19, 1988, levied on Mr. Falzone's wages at A.W.D. in Danbury by serving its office manager. The following sums were withheld from Falzone's wages.
July, 1989 $ 60.00
August, 1989 164.80
September, 1989 419.20
October, 1989 524.00
November, 1989 419.20
December, 1989 419.20
 January, 1990 524.00 --------- Total $2,530.40
Deputy Sullivan was required to remit in fifteen days under § 6-35 of the General Statutes. Initially the A.W.D. company either lost the execution or did not timely levy it. There were other executions in line prior to it. A.W.D. allowed another junior execution to take priority over it. When Sullivan brought this to A.W.D.'s attention, the 1989 levies, previously noted, CT Page 9562 commenced. Sullivan also advised A.W.D. to deduct the amount required by law when it appeared the employer was making an insufficient deduction from the wages of the employee Falzone. After the tax collector of Danbury advised Sheriff Sullivan in August and September of 1990 that he had no business collecting back taxes because she had previously advised him not to do so in 1989, he returned $2,530.40 by check to "Attorney Jack Garamella, Trustee" who was counsel for A.W.D. Garamella endorsed it to Falzone. Falzone attempted to give the money to the city by endorsing it over to the city. However, on September 27, 1990, the city Corporation Counsel, through Attorney Eric Gottshalk, refused to accept the check and returned it to Mr. Falzone. Sheriff Sullivan took no fees. He claims to owe the city nothing. Attorney Eric Gottshalk offered him the option to return the money to A.W.D. which he did. Although the city has a policy of not accepting third party checks, it is not clear to the court why Sullivan's check which had been made by Sullivan, and then specially endorsed by Garamella over to Mr. Falzone and then endorsed by Falzone to the city was not acceptable. It would seem to the court that a check with three parties either as makers or endorsers on it represented little prospect of being dishonored. Since the city refused to accept the money when Falzone tendered the Sullivan check (after previously offering Sullivan the option to return it to Falzone), the court finds no basis on which to hold Sullivan liable to the city for that sum.
Furthermore, while there is evidence about when the sums were deducted from Falzone's wages, there is no credible evidence about when Sullivan received it by remittance from Falzone's employer. There is therefore insufficient evidence to warrant applying the § 6-35 five (5%) percent month penalty for delinquent remittance by a Sheriff to Sullivan, since there is insufficient evidence before the court as to when it was actually "collected" by him. As to Count 1 of the plaintiff's complaint alleging the claims just determined, the court finds for the defendant Deputy Sheriff James E. Sullivan.
The plaintiff in a second count (styled "third count")[1]
also claims the defendant converted the Falzone funds. An action for conversion is a suit for damages by the owner of a chattel or by one entitled to the immediate possession of it, against one who has wrongfully appropriated it in derogation of the rights of the rightful owner or possessor. See Connecticut Law of Torts, Wright, Fitzgerald, Ankerman (Third Edition), § 25, p. 38. In light of the court's factual findings, the court does not find CT Page 9563 proved any wrongful conversion of proceeds of the Falzone wage execution on by Sheriff Sullivan, and finds for the defendant on that count of the plaintiff's complaint.
The court will now turn to the defendant's counterclaim.
Deputy Sheriff Sullivan has counterclaimed as to $1,000 collected from the New England Diner under a property tax warrant.
The court finds the following facts. Sheriff Sullivan collected $1,000 from New England Diner prior to June 30, 1988.[2] He remitted only $564 to the City Tax Collector by a People's Bank cashier's check. He was entitled to a statutory fee of six (6%) percent on amounts levied. Thirty-six ($36.00) dollars was deducted as a fee on $600. Sheriff Sullivan did not remit any further sums on that account to the City of Danbury Until late December, 1988, when after he learned there was a criminal investigation, he sent two checks, one for $600 and a second dated December 30, 1988 for $400. He now seeks $600 representing the $600 overpayment plus a $24 sheriff's fee on the $400 collected on which he had not previously charged a fee, and also wants excess interest returned to him representing the one and one-half (1-1/2%) percent a month which the city demanded and got from him for late payment, a late payment interest calculation which was computed on the $1,000 not the $400 actually owed. The $600 overpayment was clearly a mistake. It ought to be returned to the sheriff. The city was entitled to interest at the rate of five (5%) percent a month for the late payment by the Sheriff of $400. The city compromised and settled its claim for that interest with him for a fixed dollar amount at a rate of one and one-half (1-1/2%) percent per month on the full $1,000.00, a rate for more favorable to him than the five (5%) per month it could have demanded on the true balance owed for the period of delay. Interest at the rate of one and one-half (1-1/2%) percent was forwarded to the city by his attorney's check. Compromise and settlement is conclusion of a disputed claim arising out of contract in which the parties agree to mutual concessions in order to avoid resolving their controversy through litigation. It has resulted here in a novation which is a bar of the old obligation. Just as the city could now not claim five (5%) percent monthly interest, the sheriff cannot claim fees or an interest refund. Judgment is entered for the defendant on Count Two of the counterclaim in favor of the defendant Sullivan and against the plaintiff in the amount of $600. CT Page 9564
At about the same time, in December, 1990, Sheriff Sullivan paid $2,500 by check to the city arising out of the city's claim that he had not turned over to the Tax Collector one cash payment received earlier from the Bushwacker Care tax warrant. He now seeks to have the court order return of that sum to him because he claims to have made a cash payment to the city in that amount. He got no receipt at the time of this alleged payment, the city has no record of receiving the payment and based on all of the evidence, the court does not find this portion of the counterclaim (Count One) proved.
FLYNN, J.